Bernard Dubin, J.
Petitioner moves for the following relief: (a) punish the respondent for contempt for the alleged violation of a judgment in that the respondent refused petitioner the right to enter respondent’s premises to make certain repairs to the rear wall of the petitioner’s premises; (b) to permit petitioner to enter respondent’s premises as provided in the judgment for an extended period of time equal to the period that respondent denied petitioner entry in violation of the judgment.
The judgment relied upon provides, insofar as here pertinent, that petitioner shall for a period of 30 consecutive days commencing May 1, 1969, be permitted to enter respondent’s premises in order to 1 ‘ make certain repairs ’ ’ to the rear wall of petitioner’s premises, which “ work on such repairs ” shall be performed during the first five dry weather days of such 30-day period. The said judgment was granted pursuant to section 881 of the Beal Property Actions and Proceedings Law enacted in 1968, which provides, inter alia, that1‘ When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules ’ ’.
In granting the judgment, the court acted on the petition which alleges, in part, that the interior wall of petitioner’s premises had been damaged by moisture seeping through from the exterior and in order to correct said condition, it was necessary that the exterior brick work of said wall be waterproofed and repointed. The court, in its decision, pointed out that the statute does not direct the court to grant a license to every applicant, but where necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his neighbor if the license is refused. Moreover, the court emphasized that there was no denial that the repairs were necessary and that they, could not be made without entering respondent’s premises.
In opposition to the motion to punish, the respondent’s attorney affirms that the work required to be done by petitioner in repairing the wall by waterproofing and pointing the same was *1087 completed pursuant to the judgment, but that petitioner claims that under said judgment, it has an absolute right to use the respondent’s property for the purpose of painting a sign on the exterior portion of petitioner’s building, under the guise of an alleged repair or improvement. In answer thereto, there is submitted the affidavit of an attorney associated with the petitioner’s attorneys, who alleges: that on May 27,1969, petitioner began the repair work to the rear wall of the premises by repointing the brick work; that the repointing process entailed the removal of the concrete cement between the bricks and replacing same with new cement; that the repair work still to be completed consists of the painting of a pre-existing sign on the rear wall, which had been partially destroyed by reason of the repointing process applied to the brick work; that upon completion of the painting, a silicone substance will be painted on the rear wall of the premises; and that the application of the silicone and paint to the rear wall will serve as a seal which will waterproof the brick work.
Section 881 of the Real Property Actions and Proceedings Law was enacted to provide a special proceeding where an owner or his lessee, in an appropriate case, may obtain a license to enter upon adjoining property to make improvements or repairs to his own property. In recommending the legislation, the Law Revision Commission emphasized that a problem exists when a land owner seeks access to an adjoining land to make improvements or repairs to his own property, and the adjoining land owner denies permission to enter.
Implicit in the recommendation and in the- statute is the requirement that the work to be done is an improvement or repair. If, in fact, the sole work to be done is the repainting of a sign, such work does not fall within the statute. xThe petition submitted made no mention of the repainting of the sign and the judgment, upon which petitioner relies, is limited to the making of repairs. However, it is now contended by petitioner through the affidavit of an attorney, that the repair work is incomplete, in that silicone is to be applied upon completion of the painting. The court deems the attorney’s affidavit that silicone is required to complete the repair insufficient and is of the opinion that the requirement of silicone should be substantiated by an expert in the field.
The motion to punish for contempt is denied without prejudice to renewal upon a showing that the repair has not been completed under and pursuant to the judgment.