■ MEHDI DILMAGHANI & Co., INC., Respondent, v. SPA HEALTH CLUBS, INC., Appellant.— In an action for an injunction and for money damages for breach of contract, defendant appeals from a judgment of the Supreme Court, Westchester County, dated August 13, 1973, which enjoined it from maintaining a power transformer where presently located and which directed that plaintiff recover the sum of $26,500 plus costs and disbursements. Judgment modified, on the law and the facts, by deleting therefrom the entire decretal paragraph awarding the injunction. As so modified judgment affirmed, with costs to respondent. The power transformer for defendant's building was positioned so that access thereto could only be from plaintiff's property. Under the circumstances of this case, defendant would be entitled to make an application for appropriate relief under section 881 of the Real Property Actions and Proceedings Law. Therefore, the granting of an injunction is inappropriate and inequitable. Furthermore, although the positioning of the transformer may have been in technical violation of an agreement between the parties, we disagree with the finding by Special Term that the violation was deliberate. With respect to the award of damages for breach of a license agreement, we agree with Special Term's determination. The license agreement was separate and apart from the lease agreement; the latter related solely to the premises demised to defendant whereas the former dealt with defendant's privilege and responsibilities with respect to plaintiff's property. Thus, there was no need for the license agreement to conform to the provision regarding changes in the lease. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.