■ SUSAN W. MINDEL et al., Appellants, v PHOENIX OWNERS CORP., Respondent. ELIZABETH C. KAMING et al., Appellants, v PHOENIX OWNERS CORP., Respondent. [620 NYS2d 359] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered December 14, 1993, which, *inter alia,* converted plaintiffs' actions for injunctions prohibiting defendant from entering upon their respective properties into a proceeding by defendant under RPAPL 881, and thereupon granted defendant a limited license to enter upon plaintiffs' properties for purposes of repair work on defendant's building, unanimously modified, on the law and the facts and in the exercise of discretion, to impose the Referee's costs on defendant, and otherwise affirmed, without costs.

We agree with the IAS Court, and the Referee, whose report it adopted, that the netting proposed by defendant will be sufficient to prevent injury from the fall of debris attendant upon the repair work that needs to be done to defendant's building. The record indicates that the collapse of scaffolding is generally unlikely, and the risk of such a mishap is further diminished if the protective devices recommended by the Referee are incorporated in the cabling; however, there is no practical means of encapsulating plaintiffs' property to afford absolute protection against such a mishap. We adopt a standard of reasonableness in concluding that defendant is prepared to do all that is feasible to avoid injuries resulting from its entry upon plaintiffs' properties, and that an RPAPL 881 license was therefore properly granted.

The court's conversion of this action, commenced by plaintiffs for injunctive relief, into a proceeding by defendant for leave to enter plaintiffs' properties for repairs under RPAPL 881, was unusual but proper (CPLR 103 [c]), in view of (1) defendant's affirmation in opposition to the original application for a preliminary injunction giving early notice that defendant was seeking relief under RPAPL 881; (2) the presentation, in what were already protracted proceedings, of all the

evidence that would be adduced in an RPAPL 881 proceeding; and (3) the substantive claims made in support of defendant's asserted need to enter plaintiffs' properties.

Because plaintiffs commenced this proceeding and defendant received the benefit of it being converted by the court into an RPAPL 881 proceeding, defendant should bear all costs of the proceeding, including the Referee's fees, and we so modify. Concur—Wallach, J. P., Kupferman, Williams and Tom, JJ.