In the Matter of QUEENS COLLEGE SPECIAL PROJECTS FUND, INC., Respondent, v SAMARA NEWMAN, Also Known as SAMARA SWANSTON, Appellant. [62 NYS3d 517]—

In a proceeding pursuant to RPAPL 881 to obtain a license, inter alia, to temporarily enter upon the premises of Samara Newman, also known as Samara Swanston, for the purposes of, among other things, conducting a preconstruction inspection, Samara Newman, also known as Samara Swanston, appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered March 24, 2016, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner owns a parcel of vacant land adjacent to an improved residential lot owned by the appellant. It is undisputed that the petitioner obtained all requisite planning approvals for the construction of an education center on its premises, to be utilized in conjunction with a museum which is located across the street and is operated under the petitioner's auspices. The education center was to be constructed to the lot lines of the petitioner's parcel, thereby necessitating the temporary intrusion onto neighboring premises, inter alia, to erect certain construction safety devices and to facilitate the application of exterior finishes to the new structure. While the other adjoining property owners consented to the temporary intrusions, the appellant refused to permit entry onto her premises. Accordingly, the petitioner commenced this proceeding pursuant to RPAPL 881 for a license, among other things, to temporarily enter upon the appellant's premises for the purposes of, among other things, conducting a preconstruction inspection and erecting temporary structures thereon to protect the petitioner's property and its residents. The Supreme Court granted the petition. We affirm.

RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access. A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court (*see Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp.*, 149 AD3d 518 [2017]; *Deutsche Bank Trust v 120 Greenwich Dev. Assoc.*, 7 Misc 3d 1006[A],

2005 NY Slip Op 50467[U] [Sup Ct, NY County 2005]), which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted (*see Mindel v Phoenix Owners Corp.*, 210 AD2d 167 [1994]; *Matter of EXG 159W48 LLC v Benyetta 148 LLC*, 2017 NY Slip Op 31479[U] [Sup Ct, NY County 2017]; *MK Realty Holding, LLC v Scneider*, 39 Misc 3d 1209[A], 2013 NY Slip Op 50551[U] [Sup Ct, Queens County 2013]; *Matter of Rosma Dev., LLC v South*, 5 Misc 3d 1014[A], 2004 NY Slip Op 51369[U] [Sup Ct, Kings County 2004]). The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the protections to the adjoining property that are needed, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion (*see Chirichella v BCBS Lorimer LLC*, 2017 NY Slip Op 31665[U] [Sup Ct, Kings County 2017]; *Deutsche Bank Trust v 120 Greenwich Dev. Assoc.*, 7 Misc 3d 1006[A], 2005 NY Slip Op 50467[U] [Sup Ct, NY County 2005]; *Matter of Rosma Dev., LLC v South*, 5 Misc 3d 1014[A], 2004 NY Slip Op 51369[U] [Sup Ct, Kings County 2004]).

Here, contrary to the appellant's contention, the Supreme Court properly granted the petition pursuant to RPAPL 881 for a license to temporarily access the appellant's property, since an assessment of the foregoing factors supported the petition. The affidavits of the executive director of the museum and the architect retained for the project demonstrated that the limited access and placement of structures would protect the appellant's property and would not interfere with the use of the premises; that the access would be limited to certain phases of the project and was expected by the petitioner to last no more than 18 to 24 months after the commencement of construction; that the temporary structures to be erected along the lot line would not be unduly invasive and were necessary in order for the petitioner to build out to the lot line while protecting the adjoining property as required by the New York City Building Code; that the public interest would be served by the development of the project; and that the appellant would be financially protected by the naming of the appellant as an additional insured on the relevant construction insurance policies and by the petitioner's promise to indemnify her for any loss (*see Matter of EXG 159W48 LLC v Benyetta 148 LLC*, 2017 NY Slip Op 31479[U]; *MK Realty Holding, LLC v Scneider*, 39 Misc 3d

1209[A], 2013 NY Slip Op 50551[U] [Sup Ct, Queens County 2013]; *Deutsche Bank Trust v 120 Greenwich Dev. Assoc.*, 7 Misc 3d 1006[A], 2005 NY Slip Op 50467[U] [Sup Ct, NY County 2005]; *Matter of Rosma Dev., LLC v South*, 5 Misc 3d 1014[A], 2004 NY Slip Op 51369[U] [Sup Ct, Kings County 2004]). Accordingly, the evidence supports the conclusion that the petitioner would suffer an undue hardship if the RPAPL 881 license was denied, whereas the appellant will experience temporary and relatively minor inconvenience as a result of the issuance of the license.

The appellant's remaining contentions are without merit.

The appellant's submission of factual allegations and documents which were not before the Supreme Court is improper, and we have not considered that material in reaching our determination (*see Matter of Lindo v Ponte*, 150 AD3d 1244, 1247 [2017]; *Matter of Ishakis v Lieberman*, 150 AD3d 1114, 1115 [2017]; *Longo v Fogg*, 150 AD3d 724, 726 [2017]). Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.