Stuck v Hickmott (2018 NY Slip Op 01013)





Stuck v Hickmott


2018 NY Slip Op 01013


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1349 CA 17-00804

[*1]GEORGE STUCK AND KAREN STUCK, PETITIONERS-RESPONDENTS,
v
TRACY K. HICKMOTT, RESPONDENT-APPELLANT. 






MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT. 


 Appeal from a judgment (denominated amended order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 18, 2016. The judgment, inter alia, granted petitioners a license to enter onto respondent's property for the limited purpose of painting their fence on a biennial basis. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: After purchasing residential real property abutting respondent's property, petitioners discovered that a narrow portion of respondent's driveway encroached upon their property. Respondent refused petitioners' request to remove the subject portion of the driveway, and petitioners subsequently constructed a six-foot tall wooden stockade fence on their property along the side of the driveway. Respondent thereafter commenced an action for, among other things, a right of adverse possession or, in the alternative, a prescriptive easement, and petitioners counterclaimed seeking judgment directing that respondent remove the encroaching portion of the driveway. In relevant part, Supreme Court granted petitioners' motion for summary judgment dismissing respondent's complaint, and also ordered that respondent be allowed a right of continued use of the driveway as situated and that neither party impair the quiet enjoyment nor obstruct the use of the driveway and fence.
Although counsel for the parties subsequently negotiated an arrangement whereby petitioners would be permitted to enter respondent's property to paint the fence, a confrontation between the parties on the arranged date resulted in petitioners abandoning their attempt at completing that work. Respondent objected to any future access by petitioners to her property. Petitioners moved by order to show cause for, among other things, an order holding respondent in contempt for denying petitioners' use of the fence and providing petitioners with a right of limited entry onto respondent's property to paint the fence, and the court implicitly converted the motion into a special proceeding under RPAPL 881 (see CPLR 103 [c]; Mindel v Phoenix Owners Corp., 210 AD2d 167, 167-168 [1st Dept 1994], lv denied 85 NY2d 811 [1995]). Respondent appeals from a judgment granting petitioners a license to enter onto her property "for the limited purpose of painting the entire length of their existing wooden fence, once per year in any even numbered year," subject to conditions, including that petitioners had to choose one of two predesignated dates for painting, provide two-weeks prior written notice to respondent, and perform the work between 9:00 a.m. and 12:00 p.m. We affirm.
RPAPL 881 provides the means by which an owner seeking "to make improvements or repairs to real property" may seek to obtain a license to enter an adjoining owner's property when those "improvements or repairs cannot be made" without such entry and "permission so to enter has been refused" (see Matter of Lincoln Spencer Apts., Inc. v Zeckendorf-68th St. Assoc., 88 AD3d 606, 606 [1st Dept 2011]). The statute requires that "[t]he petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought" (RPAPL 881). A license to enter the adjoining property "shall be granted by the court in an [*2]appropriate case upon such terms as justice requires" (id.) and, "[i]n determining whether or not to grant a license pursuant to [the statute], courts generally apply a standard of reasonableness" (Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, 492 [1st Dept 2014]; see Mindel, 210 AD2d at 167). "Courts are required to balance the interests of the parties and should issue a license when necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his [or her] neighbor if the license is refused' " (Board of Mgrs. of Artisan Lofts Condominium, 114 AD3d at 492).
Respondent contends that the work for which the license was sought is beyond the scope of RPAPL 881 because painting a wooden fence does not constitute an improvement or a repair to real property within the meaning of the statute. We reject that contention. While the statute must be construed narrowly inasmuch as it stands in derogation of common-law property rights (see MK Realty Holding, LLC v Scneider, 39 Misc 3d 1209[A], 2013 NY Slip Op 50551[U], *2 [Sup Ct, Queens County 2013]; see generally Matter of Bayswater Health Related Facility v Karagheuzoff, 37 NY2d 408, 414 [1975]; Hay v Cohoes Co., 2 NY 159, 161-163 [1849]), we conclude that, in the absence of a statutory definition, the usual and commonly understood meaning of the words "improvement" and/or "repair" encompasses the painting of the wooden fence in this case (see Black's Law Dictionary 875-876, 1490 [10th ed 2014]; Sunrise Jewish Ctr. of Val. Stream v Lipko, 61 Misc 2d 673, 675 [Sup Ct, Nassau County 1969]; cf. Chase Manhattan Bank [Natl. Assn.] v Broadway, Whitney Co., 59 Misc 2d 1085, 1086-1087 [Sup Ct, Queens County 1969]; see generally Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [2016]). That interpretation is supported by the legislative history, which establishes that the legislature—in recognition that the nature of abutting properties often requires property owners to access the neighboring property in order to make improvements or repairs to their own—intended to encourage such improvements or repairs by removing unreasonable obstacles to efforts to prevent blight and deterioration (Introducer's Mem in Support, Bill Jacket, L 1968, ch 220; see Sunrise Jewish Ctr. of Val. Stream, 61 Misc 2d at 675).
Contrary to respondent's contention, inasmuch as the statute contemplates that property owners may build on their own property such that improvements or repairs cannot be made without entering an adjoining property, the fact that petitioners ostensibly created the problem by constructing their fence too close to the boundary line does not preclude the court from granting a license (see Sunrise Jewish Ctr. of Val. Stream, 61 Misc 2d at 675).
Contrary to respondent's further contention, the averments in petitioners' affidavit, together with the photographs attached thereto depicting the nature and positioning of the fence, adequately set forth the facts making entry onto respondent's property necessary to effectuate the requested biennial painting of the wooden fence (see Mindel, 210 AD2d at 167; cf. Lincoln Spencer Apts., Inc., 88 AD3d at 606). Given that the inconvenience to respondent of such infrequent and brief entries to facilitate an unexceptional task is relatively slight compared to petitioners' hardship if the license is refused, i.e., an ill-maintained fence subject to deterioration, we conclude that the court properly balanced the interests of the parties by granting petitioners a limited license to enter respondent's property under reasonable conditions, the propriety of which respondent does not otherwise challenge (see Mindel, 210 AD2d at 167; see generally Board of Mgrs. of Artisan Lofts Condominium, 114 AD3d at 492).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court