Matter of Voron v Board of Mgrs. of the Newswalk Condominium (2020 NY Slip Op 04747)





Matter of Voron v Board of Mgrs. of the Newswalk Condominium


2020 NY Slip Op 04747


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-06601
 (Index No. 504374/19)

[*1]In the Matter of Marina Voron, et al., petitioners-respondents,
v
Board of Managers of the Newswalk Condominium, et al., respondents, Liliana Ariztzabal, et al., appellants.


The Star Law Firm, P.C., Woodmere, NY (Gregg N. Star of counsel), for appellants.
Davidoff Hutcher & Cintron LLP, New York, NY (Derek A. Wolman and Garrett Kingman of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding, inter alia, pursuant to RPAPL 881 for a license to enter premises owned by Liliana Ariztzabal and Tony Pimienta for the purpose of making certain improvements in the bathroom subfloor of the petitioners' condominium unit, Liliana Ariztzabal and Tony Pimienta appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 26, 2019. The order, insofar as appealed from, granted that branch of the petition which was for a license to temporarily enter the premises of Liliana Ariztzabal and Tony Pimienta to gain access to the bathroom subfloor of the petitioners' condominium unit to perform certain plumbing work in connection with the petitioners' renovation of their condominium unit.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioners own a condominium unit in a residential condominium building consisting of 90 residential units and one commercial unit. In connection with the renovation of their unit, the petitioners require temporary access to the subfloor of their bathroom to perform certain plumbing work. The building structure is concrete, thereby necessitating the temporary intrusion into the appellants' unit to access the subfloor through the appellants' ceiling. The appellants refused to permit entry to their premises, which was then occupied by the appellants' tenants. Accordingly, the petitioners commenced this proceeding, inter alia, pursuant to RPAPL 881 for a license, among other things, to temporarily enter the appellants' premises for the purpose of accessing the petitioners' bathroom subfloor. In an order dated April 26, 2019, the Supreme Court, inter alia, granted that branch of the petition which was for a license to temporarily enter the appellants' premises.
RPAPL 881 allows the owner of "real property" to petition for a license to enter the "premises" of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access (see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d 943, 943). RPAPL 881 applies to "real property," defined as "lands, tenements and hereditaments" (Real Property Law § 2). Similarly, Real Property Law § 339-g provides that "[e]ach unit, together with its common interest, shall for all purposes constitute real property." Thus, the petitioners' condominium unit constitutes "real [*2]property" within the meaning of RPAPL 881.
A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court (see Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518). The factors the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the protections to the adjoining property that are needed, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion (see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d at 944). "Courts are required to balance the interests of the parties and should issue a license when necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his [or her] neighbor if the license is refused'" (Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, 492, quoting Chase Manhattan Bank [Natl. Assn.] v Broadway, Whitney Co., 57 Misc 2d 1091, 1094 [Sup Ct, Queens County], affd 24 NY2d 927).
Upon consideration of these factors, we agree with the Supreme Court's determination to grant that branch of the petition which was pursuant to RPAPL 881 for a license to temporarily access the appellants' unit. The court directed that access be limited to 10 consecutive days, that the petitioners return the unit to its original condition, that the appellants be financially protected by the naming of the appellants as additional insureds on the relevant construction insurance policy, that the petitioners pay the appellants a license fee of $100 per day, and that the petitioners indemnify the appellants for any loss (see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d at 944-945).
Accordingly, the granting of the license was not an improvident exercise of discretion.
The appellants' remaining contentions either are without merit, are improperly raised for the first time on appeal, or refer to matter dehors the record that will not be considered.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.

2019-06601 DECISION & ORDER ON MOTION
In the Matter of Marina Voron, et al., petitioners-respondents,
v Board of Managers of the Newswalk Condominium,
et al., respondents, Liliana Ariztzabal, et al., appellants.
(Index No. 504374/19)

Motion by the petitioners-respondents, inter alia, to strike stated portions of the appellants' brief on an appeal from an order of the Supreme Court, Kings County, dated April 26, 2019, on the ground that they improperly raise issues for the first time on appeal or refer to matter dehors the record. By decision and order on motion of this Court dated October 17, 2019, that branch of the motion which is to strike stated portions of the appellants' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the appellants' brief on the ground that they improperly raise issues for the first time on appeal or refer [*3]to matter dehors the record is granted to the extent that Point III of the appellants' brief is stricken and has not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court