## Matter of DTBG 390 Fifth Ave. Owner LLC v Victory Holding Corp.

2024 NY Slip Op 33601(U)

October 7, 2024

Supreme Court, Kings County

Docket Number: Index No. 518289/2024

Judge: Aaron D. Maslow

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the IAS Part 2 of the Supreme Court of the State of New York held in and for the County of Kings at 320 Jay Street, Brooklyn, NY, on the 7th day of October, 2024.

**HONORABLE AARON D. MASLOW, J.S.C**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------- x

In the Matter of the Application of

DTBG 390 FIFTH AVENUE OWNER LLC,

                     Petitioner,

FOR AN ORDER AND JUDGMENT PURSUANT
TO ARTICLE 4 OF THE CIVIL PRACTICE LAW
AND RULES AND SECTION 881 OF THE REAL
PROPERTY ACTIONS AND PROCEEDINGS
LAW FOR ACCESS TO ADJOINING PROPERTY

           -against-

VICTORY HOLDING CORPORATION,

              Respondent.

------------------------------------------------------------------- X

Index No. 518289/2024

**ORDER-JUDGMENT**

NYSCEF Document
Nos. used on this
special proceeding:
1-27.

Petitioner DTBG 390 FIFTH AVENUE OWNER LLC ("Petitioner") having duly petitioned this Court for an Order pursuant to Section 881 of the Real Property Actions and Proceedings Law ("RPAPL") for a license to allow Victory Holding Corporation ("Respondent") to maintain a longstanding sidewalk shed ("Sidewalk Shed") on Petitioner's property located at 390 Fifth Avenue, Brooklyn, New York ("Petitioner's Property"), it is hereby

**NOW**, upon reading and filing of the Order to Show Cause dated July 16, 2024, the Verified Petition dated July 5, 2024, the Affirmation of Allison Beer dated July 1, 2024, and the

1

[* 1]

exhibits thereto, the Memorandum of Law in Support dated July 5, 2024, the Affirmation in Opposition of Gerard Agard dated September 24, 2024, and the exhibits thereto, the matter having been argued on the record virtually via Teams, and due deliberation having been had; it is hereby

**ORDERED and ADJUDGED** that the within application pursuant to Section 881 of the RPAPL is granted; and it is further

**ORDERED** that Respondent is hereby granted a license pursuant to RPAPL § 881 to enter that portion of Petitioner's Property necessary for the purpose of maintaining the Sidewalk Shed; and it is further

**ORDERED** that the granting of such license is subject to the following terms and conditions:

1. Respondent shall be entitled to such license for a period of 12 months, commencing upon the entry of this Order. If the Sidewalk Shed has not been removed after the 12 month term expires, the Petitioner or Respondent may apply to the Court for an extension of such license, which extension will be granted only for good cause shown and with the potential increase of license fees to be decided upon the granting of such extension.

2. Respondent is directed to pay Petitioner a monthly license fee in the sum of $1,000 per month commencing retroactively on October 1, 2019, when the Sidewalk Shed was first installed, until the work under the license is completed. The license fees accrued to date shall be paid by Respondent to Petitioner within ten (10) days of entry of this Order. Thereafter, the license fees shall be paid no later than the fifth day of each month in advance.

3. Respondent is solely responsible for the installation, maintenance, and removal of the Sidewalk Shed.

2

[* 2]

4. At the completion of the license term, Respondent must return Petitioner's property within the license area to its original condition, and all materials used in construction and any resultant debris shall be removed from the license area.

5. Respondent shall not interfere with Petitioner's necessary access to its property and quality of life, and shall take the necessary steps, measures and precautions to prevent any damage to Petitioner's property.

6. Respondent shall procure a commercial general liability policy insuring its work with limits of no less than $5 million and excess limits of no less than $10 million, and Respondent shall name Petitioner as an additional insured on its policy insuring work arising from Respondent's project, and such coverage shall remain in place until the completion of Respondent's work. Respondent shall, within ten (10) days of entry of this Order, submit proof of insurance in compliance with this Order to Petitioner.

7. Respondent shall be liable to Petitioner for any damages which it may suffer as a result of the granting of this license and all damaged property shall be repaired at the sole expense of Respondent.

8. Respondent shall defend, indemnify and hold harmless Petitioner, to the fullest extent permitted by law, for any liability, claims, damages, or losses, including attorneys' fees, that Petitioner may incur as a result of Respondent's work, whether or not caused by the negligence of Respondent or its employees, agents, contractors or subcontractors.

9. Respondent shall cure any violation placed against Petitioner's property by a governmental or administrative agency as a result of Respondent's work, and Respondent shall reimburse Petitioner for any fines or penalties imposed as a result of such violations.

3

[* 3]

10.     Respondent shall reimburse Petitioner's reasonable attorneys' fees and professional fees incurred in connection with this Petition and this proceeding within ten (10) days of the entry of this Order and receipt of such invoices from Petitioner.

The Court issues the within order and judgment due to the fact that removal of the shed would constitute a potential danger to passersby; the shed impairs complete and orderly access to Petitioner's building; Respondent never obtained a license from Petitioner; and the shed has remained standing for years with no projected removal date.

While the procedural posture of this RPAPL 881 special proceeding is unusual in that it was commenced by the owner of the realty encroached upon, Petitioner does possess standing (see Mindel v Phoenix Owners Corp., 210 AD2d 167 [1st Dept 1994]; Mehdi Dilmaghani & Co., Inc. v Spa Health Clubs, Inc., 45 AD2d 1021 [2d Dept 1974]; Ponito Residence LLC v 12th St. Apt. Corp., 38 Misc 3d 604 [Sup Ct, NY County 2012]). It is noted that despite IAS Part 2's Rules requiring that a proposed order be submitted and despite notice of same having been posted on August 26, 2024 (see NYSCEF Doc No. 19), Respondent failed to submit one.

**ORDERED** that this constitutes the decision, order, and judgment of the court.

E N T E R:

**Hon. Aaron D. Maslow**
Justice of the Supreme Court of
the State of New York

4

[* 4]