| |
|---|
| **West 125th Dev. LLC v Song** |
| 2024 NY Slip Op 33934(U) |
| November 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651051/2023 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART **38M**

------------------------------------------------------------------------X

WEST 125TH DEVELOPMENT LLC,

Petitioner,

- v -

JEEMI SONG, ECDO HOUSES ASSOCIATES LIMITED PARTNERSHIP, 42 WEST 126 STREET REALTY CORP, W 126 GROUP LLC, 36 WEST 126TH STREET REALTY LLC, BVK 55 WEST 125TH STREET, LLC, and DUL DUL REALTY LLC A/K/A DUL DUL REALTY, LLC,

Respondents.

------------------------------------------------------------------------X

INDEX NO.  651051/2023

MOTION DATE  02/27/2023

MOTION SEQ. NO.  001

**DECISION, ORDER + JUDGMENT ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 2, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, and 85

were read on this                              R.P.A.P.L. SPECIAL PROCEEDING                              .

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, the petition of West 125th Development LLC ("petitioner") for a license to enter adjoining property pursuant to RPAPL 881 is granted, for the reasons set forth in the petition and supplemental submissions (NYSCEF Doc. Nos. 1, 3-4, 52-54, 78-79) and the exhibits attached thereto, in which the court concurs, as summarized herein.

The following is, unless otherwise stated, undisputed. Petitioner is the owner and developer of the premises located at 35 West 125th Street, New York, New York, and 33 West 125th Street, New York, New York (the "property"), upon which it wishes to build a 21-story mixed-use commercial building. Respondents are owners of the surrounding premises. Specifically, respondent Jeemi Song owns the property located at 46 West 126th Street; respondent ECDO Houses Associates Limited Partnership ("ECDO") owns the property located at 44 West 126th Street; respondent 42 West 126th Realty Corp. ("42 West") owns the property

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

Page 1 of 10

1 of 10

[* 1]

located at that address; respondent W 126 Group LLC ("W 126") owns the property located at 40 West 126th Street; respondent 36 West 126th Street Realty LLC ("36 West") owns the property located at that address; respondent BVK 55 West 125th Street, LLC ("BVK") owns the property located at that address; and respondent Dul Dul Realty, LLC ("Dul Dul"), owns the properties located at 31 West 125th Street (the "125th Street property") and 34 West 126th Street (the "126th Street property") (verified petition, NYSCEF Doc. No. 1, ¶¶ 4-11). Petitioner's property abuts the properties owned by respondents, as well as the property located at 50 West 126th Street, whose owner is not a party to this proceeding (*id.*, ¶ 12). Plaintiff has discontinued this proceeding against respondents Song and BVK (NYSCEF Doc. Nos. 83, 84), and has an agreement with the owner of 50 West 126th Street (Cusack reply affirmation, NYSCEF Doc. No. 52, ¶ 20). Respondents ECDO, 42 West, W 126, and 36 West have defaulted in answering the petition. Accordingly, the remaining dispute is between petitioner and Dul Dul. The parties have been negotiating the terms of a license since prior to the commencement of this special proceeding, and each side accuses the other of not negotiating in good faith.

At the outset, petitioner asserted that it needed access to respondents' properties in order to install "overhead protections, roof protections, and a construction fence," as well as to perform a preconstruction survey (verified petition, NYSCEF Doc. No. 1, ¶ 14; Menzak aff., NYSCEF Doc. No. 4, ¶¶ 13-17). Such protections are necessary under the New York City Building Code. Petitioner sought a license to install such protections to last 36 months, the expected length of the construction (verified petition, NYSCEF Doc. No. 1 at 6). According to Dul Dul's architect, Carl Bradley Cronk, however, additional plans for support of excavation work, tiebacks on the party wall between the properties, and significant underpinning of Dul Dul's properties were not submitted with the petition in this proceeding (Cronk aff., NYSCEF Doc. No. 45, ¶¶ 14-15). It is

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

**Page 2 of 10**

2 of 10

[* 2]

further asserted that the plans submitted with the petition in this proceeding were incomplete, and lacking certain protections required by the Building Code (*id.*, ¶¶ 21-31).

In reply, petitioner asserts that, to the extent its plans are incomplete or not approved by the New York City Department of Buildings ("DOB"), Dul Dul's unwillingness to allow access for a preconstruction survey is a significant cause of the delay (Menzak reply aff., NYSCEF Doc. No. 53, ¶¶ 21-28). Underpinning, a substantial permanent encroachment on respondent's property, cannot be granted on this application, which petitioner acknowledges, and, indeed, petitioner's architect, Yuriy Menzak, states that petitioner did not include an underpinning request in its petition for that reason (*id.*, ¶¶ 29-30). Petitioner also proposes that underpinning may not be necessary, and that tiebacks are minimally intrusive and necessary to secure the party wall (*id.*, ¶¶ 31-37).

Prior to oral argument on this matter in May of this year, petitioner submitted a supplemental affidavit of its site safety contractor, in which Aaron Broyn, the contractor's president, avers that petitioner has reconfigured its design and construction plans so as to drastically reduce the amount of potential intrusion onto respondent's properties (Broyn aff., NYSCEF Doc. No. 79, ¶ 4). Specifically, petitioner now requests a 2-3 hour period to access the roof of the 125th Street property to install and then later dismantle an "engineered enclosure system" to provide protection for respondents' properties (*id.*, ¶¶ 9-10). The roof of the 125th Street property will be protected by cantilevered netting suspended from petitioner's property (*id.*). This design change will forgo the need to install further window protections on the 125th Street property (*id.*, ¶¶ 11). The revised plans have been approved by the DOB (*id.*, ¶ 5; revised plans, NYSCEF Doc. No. 80).

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

**Page 3 of 10**

3 of 10

[* 3]

As of now, the requested access to Dul Dul's properties is as follows: a pre-construction survey, temporary roof access to install and dismantle the engineered enclosure system, installation and monitoring of vibration and crack monitors, installation of weatherproofing on the exposed foundation and party walls, relocation of the 125th Street property's chimney, construction of a five foot scaffold in the rear yard of the 126th Street property, and any access necessary to maintain the protective netting suspended from the project above the 125th Street property once the project reaches the ninth floor (*id.*, ¶¶ 15-17). Petitioner's planned actions are required by the Building Code to protect respondents' properties (*id.*, ¶ 18; NY City Bldg Code [Administrative Code of City of NY, title 28, ch 7] §§ BC 3309.1, *et seq.*). As set forth above, only Dul Dul remains in opposition to the petition.

A petition for access is governed by RPAPL 881, which provides as follows:

> When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry.

"A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted" (*Queens Theater Owner, LLC v WR Universal, LLC*, 192 AD3d 690, 690 [2d Dept 2021]). The court may consider "the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform the work, the

**651051/2023  WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

**Page 4 of 10**

4 of 10

[* 4]

NYSCEF DOC. NO. 86

public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (*id.* at 690-91). "[B]ecause the respondent to an 881 petition has not sought out the intrusion and does not derive any benefit from it[, e]quity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (*Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp.*, 149 AD3d 518, 518-19 [1st Dept 2017]). "Damages and attorneys' fees are, therefore, appropriately considered in the context of an RPAPL 881 proceeding" (*269-273 14th St N.Y. Corp. v Stein*, 221 AD3d 807, 809 [2d Dept 2023]).

Here, as to Dul Dul, petitioner contacted Dul Dul's counsel in November 2022, at which time counsel refused to even discuss the matter further until petitioner had paid counsel $8,100 for his services related to the potential license agreement and escrowed a further $20,000 deposit (Cusack reply aff., NYSCEF Doc. No. 52, ¶¶ 6-8). Subsequently, Dul Dul's counsel continued to demand payment of attorneys' fees before discussing a license agreement (*id.*, ¶¶ 8-9). Thus, petitioner has sufficiently sought a license that Dul Dul has refused, contrary to Dul Dul's position. Further, the inconvenience to respondents is mild, given the scope of the potential protections. Without the grant of a license, petitioner will not be able to construct its building, and petitioner has proposed to take several steps to protect respondents' properties (*Matter of New York Pub. Lib. v Condominium Bd. of the Fifth Ave. Tower*, 170 AD3d 544, 545 [1st Dept 2019]). The terms proposed by petitioner include the detailed protective measures described above, and petitioner has agreed to maintain an insurance policy covering respondents and their properties, to indemnify and hold harmless respondents from any liability or damages caused by the construction, and address any violations or mechanic's liens assessed against respondents'

**651051/2023 WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No. 001**

Page 5 of 10

[* 5]

properties (proposed order, NYSCEF Doc. No. 62). Moreover, the protective measures petitioner will install are required by the Building Code (*Matter of Queens Coll. Special Projects Fund, Inc. v Newman*, 154 AD3d 943, 944 [2d Dept 2017]). Under such circumstances, the grant of a license is proper (*e.g. Mindel v Phoenix Owners Corp.*, 210 AD2d 167, 167 [1st Dept 1994] ["We adopt a standard of reasonableness in concluding that defendant is prepared to do all that is feasible to avoid injuries resulting from its entry upon plaintiffs' properties, and that an RPAPL 881 license was therefore properly granted"]).

Dul Dul's arguments in opposition are unavailing. Tiebacks, the only permanent encroachment contemplated by petitioner, are a relatively insubstantial protective measure to ensure the stability of the party wall and a proper subject of a license (*Tompkins 183 LLC v Frankel*, 2019 WL 6654136 at *4 [Sup Ct NY County 2019] ["Although Respondent strongly objects to the party wall tie-backs, such protection is, in this Court's opinion, the most reasonable option for the parties under the circumstances and is virtually unavoidable"] [internal quotation marks and citation omitted]). The underpinning objected to by Dul Dul has been removed from petitioner's project plans, and the revised plans presented to the court have been approved by the DOB.

Nor are all the terms proposed by respondent reasonable. Insurance coverage and indemnity are sufficient financial protection for respondents (*Matter of Queens Coll. Special Projects Fund, Inc.*, 154 AD3d at 944 ["the appellant would be financially protected by the naming of the appellant as an additional insured on the relevant construction insurance policies and by the petitioner's promise to indemnify her for any loss"]). Dul Dul offers only speculation that an additional bond or escrow agreement would also be required. Dul Dul's suggestion that the term of the license should be six months, renewable for three month increments thereafter is

**651051/2023 WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No. 001**

**Page 6 of 10**

also not necessary. Petitioner seeks a license for 36 months, and the courts have held that similar lengths of time are reasonable (*id.* at 944 [18-24 months; *see also DDG Warren LLC v Assouline Ritz 1, LLC*, 138 AD3d 539, 540 [1st Dept 2016] [30 months]). Dul Dul does not establish that a shorter term of the license is necessary. Certain other terms regarding notice of damages, petitioner's responsibilities related to mechanic's liens and DOB violations, and petitioner's prompt repair of damage to respondents' properties, have been incorporated into petitioner's proposed license terms. The court will adopt Dul Dul's request that respondents be allowed to repair damage to their own properties at petitioner's expense, provided that petitioner is afforded a reasonable period of time to conduct repairs first.

There remains the issue of financial compensation, in the form of a monthly license fee and compensation for Dul Dul's expenses. As to the license fee, as cited by Dul Dul, courts have frequently assessed a $2,000-$3,500/per month license fee for protections similar to those presently being proposed by petitioner for the length of time proposed by petitioner (*e.g. Tompkins, supra*; *115 St Developers LLC I. 1629 Realty Inc.*, 2017 WL 2909356 [Sup Ct NY County 2017]; *Columbia Grammar & Preparatory Sch. v. IO W 93rd St. Hous. Dev. Fund Corp.*, 2015 NY Slip Op 31519[U] [Sup Ct NY County 2015]). Thus, neither petitioner's suggestion of $1,500/month nor Dul Dul's initial demand of $22,500/month are reasonable. Based on the fees awarded by other courts addressing the matter, the court finds a $2,500/month license fee to each respondent to be sufficient.

As to Dul Dul's expenses relating to the application: Dul Dul, pursuant to two supplemental affirmations submitted by counsel, seeks $70,127.25 in legal fees charged by counsel, and $16,400 in expert fees charged by Dul Dul's architect Cronk. Petitioner offers no meaningful objection to the fees incurred by Cronk. As to the attorneys' fees, however,

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

Page 7 of 10

7 of 10

petitioner states that it has already paid Dul Dul $18,100 in counsel fees. Petitioner challenges the reasonableness of Dul Dul accruing almost $40,000 of attorneys' fees in April and May 2023 alone, and asserts that none of the additional attorneys' fees were generated in an effort to progress the case. Petitioner asks the court to deny any further award of attorneys' fees.

"The determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (*RMP Capital Corp. v Victory Jet, LLC*, 139 AD3d 836, 839-40 [2d Dept 2016]). It is the claimant's burden to demonstrate that the fees sought are reasonable (*Matter of Karp*, 145 AD2d 208, 216 [1st Dept 1989]). Upon review of the invoices, the court finds that Dul Dul is not entitled to recoup the entirety of its exorbitant fee demand. The invoices provided by counsel do not provide a "detailed breakdown . . . of the time and labor expended" (*id.*), but instead engage in "block-billing" by grouping different tasks together by attorney in single entries, showing several different tasks without regard for the amount of time spent on each task. Moreover, Dul Dul fails to provide sufficient information regarding "the difficulty of the matter, the skill, time and labor required, [counsel's] experience, ability and reputation, and the customary fee for similar services" (*Matter of Jeffrey*, 214 AD2d 353, 353 [1st Dept 1995]). A 25% reduction for the use of block-billing has been found a provident exercise of discretion (*RMP Capital Corp.*, 139 AD3d at 840). Further, in one of the cases cited by Dul Dul, the court awarded approximately one-third of the fees sought due to counsel's failure to provide sufficient information justifying the fee and use of block-billing (*Tompkins, supra,* at *5). In light of the nature of this case, the different sets of plans and course of negotiations requiring counsel's time and labor, the amount of fees already paid to Dul Dul, and the deficiencies noted above, the court finds that an award of $35,063.63, or approximately half of what Dul Dul seeks, is sufficient compensation.

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

**Page 8 of 10**

8 of 10

[* 8]

Accordingly, it is hereby

ADJUDGED that the petition is granted, and petitioner is awarded a license to enter the adjoining properties of respondents ECDO Houses Associates Limited Partnership; 42 West 126th Realty Corp.; W 126 Group LLC; 36 West 126th Street Realty LLC; and Dul Dul Realty, LLC, to perform the work set forth in the supplemental affirmation of Aaron Broyn (NYSCEF Doc. No. 79) and the revised plans (NYSCEF Doc. No. 80) upon the following terms and conditions:

1. The license shall be for a period of 36 months, or whenever the exterior of petitioner's new building is complete, whichever is sooner;

2. Petitioner's workmen and contractors shall have access to respondents' properties only from Mondays through Fridays, between the hours of 8:30 am and 5:00 pm;

3. Petitioner's work on respondents' properties shall conform to petitioner's site safety plan, the Building Code of the City of New York, and all other applicable rules and regulations of the City of New York;

4. Petitioner shall maintain primary and non-contributory commercial general liability insurance, in the amount of $2,000,000 per occurrence and $4,000,000 general aggregate, covering respondents by name, and listing respondents' properties as part of the covered work-site, for any loss respondents may incur for property damage, personal injury, or wrongful death, including any liability under the New York State Labor Law, as a result of petitioners' work for the entire duration of this license;

5. Petitioner shall indemnify and hold respondents harmless for any liability, claims, damages or losses, including attorneys' fees respondents may incur as a result of petitioner's work, whether or not caused by the negligence of petitioner or its employees, agents, contractors or subcontractors;

6. Petitioner shall immediately report, in writing, to respondent any damage to respondents' premises caused by petitioner's work. If, following a reasonable period of time, petitioner fails to remediate the damage, the affected respondent may repair the damage at petitioner's expense;

7. Petitioner shall cure any violation placed against respondents' properties by any governmental or administrative agency as a result of petitioner's work. Petitioner shall reimburse respondents for any fines or penalties imposed as a result of such violations;

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**                    **Page 9 of 10**
**Motion No.  001**

9 of 10

8. Petitioners shall take all steps necessary to remove any mechanic's lien, or other encumbrance against respondents' properties arising from petitioner's work;

9. Petitioners shall pay respondents each a license fee of $2,500 per month;

10. The term of this license shall commence the day after Petitioner has provided to Respondent a copy of the insurance policy and the license fee; and

11. If petitioner has reason to believe that the term of the license need be extended beyond the original term, petitioner shall, within 30 days of determining that an extension is necessary, so notify respondents and the court, and upon such notification, the court shall hold a hearing as to the necessity of the continuance of the license.

AND IT IS FURTHER ORDERED that this court retains jurisdiction over this matter to resolve any disputes over the interpretation, implementation, or enforcement of this license.

This constitutes the decision, order, and judgment of the court.

ENTER:

*Louis L. Nock*

| 11/4/2024 | | | |
|---|---|---|---|
| **DATE** | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651051/2023   WEST 125TH DEVELOPMENT LLC vs. SONG, JEEMI ET AL**
**Motion No.  001**

**Page 10 of 10**

10 of 10