Matter of 419 BR Partners LLC v Zabar (2022 NY Slip Op 06061)

Matter of 419 BR Partners LLC v Zabar

2022 NY Slip Op 06061

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 156867/21 Appeal No. 16559 Case No. 2022-00982 

[*1]In the Matter of 419 BR Partners LLC, Petitioner-Respondent,
v
Eli Zabar et al., Respondents-Appellants.

Farber Schneider Ferrari LLP, New York (Daniel J. Schneider of counsel), for appellants.
Quinn McCabe LLP, New York (David M. Peraino of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered February 8, 2022, which, to the extent appealed from, denied respondents Eli Zabar, Trustee, Sondra Zabar, Trustee, and Devon Fredericks 2012 Family Trust's (collectively, respondents) application for attorney and professional engineering fees, unanimously affirmed, without costs.
A prevailing party may not recover attorneys' fees from the losing party except where authorized by statute, agreement, or court rule (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]). No such statute, agreement, or rule exists here.
As to the statutory basis for respondents' petition, RPAPL 881 allows entities seeking to make improvements to their own property to petition the court for a license to access a neighboring property, and does empower a court to award reasonable attorneys' and engineering fees to the owners or lessees of the neighboring property when the court grants the license (see Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 37 [1st Dept 2022] lv dismissed 38 NY3d 1125 [2022]). However, the statute does not authorize an award of fees where, as here, the neighboring property owner successfully defends against the RPAPL proceeding and the court does not grant the license sought (see Matter of North 7-8 Invs. LLC v Newgarden, 43 Misc 3d 623, 631 [Sup Ct, Kings County 2014]). In the absence of any statutory authority permitting the court to grant such fees where no license has been issued, an award of legal and professional fees is not authorized.
We have considered respondents' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022