Matter of 269-273 14th St NY Corp. v Stein (2023 NY Slip Op 05726)

Matter of 269-273 14th St NY Corp. v Stein

2023 NY Slip Op 05726

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-07548
 (Index No. 520144/17)

[*1]In the Matter of 269-273 14th St NY Corp., petitioner-respondent, 
v
Michael Stein, et al., respondents, Jacqueline Phung, etc., respondent-appellant,.

Greenspoon Marder LLP, New York, NY (Carol A. Sigmond and Joshua M. Deal of counsel), for respondent-appellant.
Rottenberg Lipman Rich, P.C., New York, NY (C. Zachary Rosenberg and Harry W. Lipman of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by the Jacqueline Phung 2014 Revocable Trust for the purpose of demolishing existing buildings and constructing a new building on the adjacent property, Jacqueline Phung, in her capacity as Trustee to the Jacqueline Phung 2014 Revocable Trust, appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 28, 2020. The order granted the petitioner's motion to reinstate and extend the term of a license issued pursuant to RPAPL 881, which had been suspended in accordance with a prior order of the same court dated December 3, 2019, for failure to provide proof of required insurance coverage, and denied the cross-motion of Jacqueline Phung to revoke the license nunc pro tunc and for an award of damages and attorneys' fees.
ORDERED that the appeal from so much of the order as granted the petitioner's motion to reinstate and extend the term of the license issued pursuant to RPAPL 881 and denied that branch of the cross-motion of Jacqueline Phung which was to revoke the license nunc pro tunc, is dismissed as academic; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and the matter is remitted to the Supreme Court, Kings County, for consideration of that branch of the cross-motion of Jacqueline Phung which was for an award of damages and attorneys' fees; and it is further,
ORDERED that one bill of costs is awarded to Jacqueline Phung.
The petitioner commenced this proceeding pursuant to RPAPL 881 to obtain a license to temporarily enter premises owned by the Jacqueline Phung 2014 Revocable Trust (hereinafter the Trust) for the purpose of demolishing existing buildings and constructing a new building on the adjacent property. In March 2018, the license was granted upon the condition, among others, that the petitioner maintain insurance to protect the Trust.
The petitioner subsequently commenced an action against, among others, Jacqueline Phung, individually and in her capacity as trustee of the Trust, to recover damages for delay in [*2]negotiating an access agreement relating to the license and for bad faith conduct preventing the petitioner from performing its work (hereinafter the related action). In the related action, Phung counterclaimed against the petitioner alleging, inter alia, that the petitioner caused damage to the Trust's property.
In this proceeding, the Supreme Court, by order dated December 3, 2019, granted a motion by, among others, Phung, in her capacity as trustee of the Trust, to suspend the petitioner's license for failure to provide proof of required insurance coverage. Subsequently, the petitioner moved to reinstate and extend the term of the license. Phung cross-moved to revoke the license nunc pro tunc and for an award of damages and attorneys' fees. In an order dated July 28, 2020, the court granted the petitioner's motion, extended the term of the license to four months from the date of the order, and denied Phung's cross-motion. Phung appeals.
The appeal from so much of the order as granted the petitioner's motion to reinstate the license and denied that branch of Phung's cross-motion which was to revoke the license nunc pro tunc is dismissed as academic because the license expired on December 26, 2020 (see Matter of Clavin, 131 AD3d 612).
Contrary to the petitioner's contentions, the record on appeal is sufficient to permit appellate review of the remaining portions of the order appealed from (see CPLR 5526; see generally Nyack Hosp. v Progressive Cas. Ins. Co., 296 AD2d 482).
The Supreme Court denied that branch of Phung's cross-motion which was for an award of damages and attorneys' fees on the ground that damages to the Trust's property allegedly caused by the petitioner is a subject of the related action. However, the record here indicates that the Trust may have incurred damages, including attorneys' fees, which are permitted as damages under RPAPL 881, as a result of the petitioner's failure to timely provide proof of sufficient insurance coverage. Since an adjacent property owner "has not sought out the intrusion and does not derive any benefit from it . . . [e]quity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 518-519 [internal quotation marks omitted]). Damages and attorneys' fees are, therefore, appropriately considered in the context of an RPAPL 881 proceeding (see id.; cf. Wohl v Fequiere, 104 AD3d 861). Accordingly, the matter is remitted to the Supreme Court, Kings County, for a consideration of that branch of Phung's cross-motion which was for an award of damages and attorneys' fees, to the extent they have not been considered in the related action.
BRATHWAITE NELSON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court