**Third Ave NY Realty LLC v 1992 Third Realty LLC**

2024 NY Slip Op 31325(U)

April 16, 2024

Supreme Court, New York County

Docket Number: Index No. 160993/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM

*Justice*

PART     04

-------------------------------------------------------------------------------X

THIRD AVE NY REALTY LLC,

Petitioner,

- v -

1992 THIRD REALTY LLC,

Respondent.

-------------------------------------------------------------------------------X

INDEX NO.          160993/2023

MOTION DATE        11/08/2023

MOTION SEQ. NO.    001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 27, 36, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80

were read on this motion for                    JUDGMENT - DECLARATORY                    .

Upon the application of petitioner, this special proceeding is discontinued over objection.

Petitioner commenced this RPAPL §881 action on November 8, 2023, seeking a license to access to the building located at 1992 3rd Avenue, New York, New York (the "Building") in order to, inter alia, perform a preconstruction survey and install roof protection and scaffolding in connection with a construction project on petitioner's property, adjacent to the Building.

On November 21, 2023, respondent brought a plenary action against petitioner in this court, under index number 161382/2023, alleging that it had entered into a License and Access Agreement (the "License") with petitioner's predecessor-in-interest under which petitioner was entitled to a license to perform certain work on respondent's property contingent upon petitioner's satisfaction of various conditions. The conditions included, as pertinent here, that petitioner would pay respondent's reasonable attorney and design professional fees, post a bond in the sum of $1,000,000.00 to protect respondent from property damage and ensure reimbursement of its

reasonable attorney and design professional fees, and indemnify respondent for any losses, suits, and damages associated with petitioner's work. Respondent further alleged that petitioner had not satisfied these conditions precedent and, moreover, that petitioner had performed work on its own property, including removing ground water, which damaged the Building. Respondent's complaint asserted claims sounding in strict liability, negligence, breach of contract, trespass, and private nuisance and sought damages of at least $1,000,000.00 plus professional fees, attorneys' fees, and costs, as well as an injunction precluding petitioner from conducting further work until it remediated the harm it had caused to the Building.

Thereafter, on February 28, 2024, respondent filed an "Opposition to Order to Show Cause" in this special proceeding, arguing that petitioner is not entitled to a license under RPAPL §881 because the parties had already negotiated the License (which petitioner had breached) and that petitioner was strictly liable to respondent for its breaches of the Building Code which had damaged the Building. Respondent demanded that this Court "enforce the terms of the parties' existing license and access agreement," and order petitioner to repair all damages to the Building, post a $1,000,000.00 bond, and pay respondent past-due license fees, engineering fees, and seismic monitoring costs, as well as reasonable attorneys' fees in the amount of $183,219.50.

Petitioner filed a notice of discontinuance of this special proceeding on March 25, 2024 (See NYSCEF Doc. No. 82). Respondent objected, by letter, to this notice of discontinuance, arguing that petitioner could not unilaterally discontinue this action under CPLR §3217(a) after respondent had filed its opposition (NYSCEF Doc. No. 83). Petitioner replied with its own letter arguing that petitioner's opposition was not a "responsive pleading" under that statute (NYSCEF Doc. No. 84). On April 10, 2022, the Court held a conference with the parties, on the record, at which it requested arguments as to the propriety of discontinuing this special proceeding pursuant

[* 2]

to CPLR §3217(b) and, specifically, how respondent would be prejudiced by the discontinuance of this special proceeding, if at all. Respondent's reply to that question was, in sum and substance, that it would be prejudiced should this proceeding be discontinued without an award of its legal fees incurred in connection with its opposition to the petition, citing 269-273 14th St N.Y. Corp. v Stein, 221 AD3d 807 (2d Dept 2023).

## DISCUSSION

The decision to grant or to deny an application pursuant to CPLR §3217(b) is within the Court's sound discretion (See Tucker v Tucker, 55 NY2d 378, 383-84 [1982]). Ordinarily, a party cannot be compelled to litigate and, absent special circumstances such as particular prejudice to the defendant or "other improper consequences flowing from [the] discontinuance," an application to discontinue an action should be granted (Id.).

Petitioner's application is granted, as no prejudice to respondent results from the discontinuance of this action. As an initial matter, respondent is not entitled to legal fees under RPAPL §881, as such an award is predicated upon the issuance of a license to petitioner (See 419 BR Partners LLC v Zabar, 209 AD3d 604, 604-05 [1st Dept 2022] ["[i]n the absence of any statutory authority permitting the court to grant such fees where no license has been issued, an award of legal and professional fees is not authorized"]; but see W. End Ave Dev. LLC v Ngamwajasat, 79 Misc 3d 1231(A) [Sup Ct, Kings County 2023]), and no license has been granted here. As such, 269-273 14th St N.Y. Corp. v Stein, in which petitioner was granted such a license (269-273 14th St N.Y. Corp. v Stein, 221 AD3d 807, 808 [2d Dept 2023]), has no bearing.

Finally, to the extent that respondent seeks an immediate award of its fees and costs due under the parties' License Agreement (See NYSCEF Doc. No. 80 [Memo. Of Law. In Opp. at pp. 21-22]), respondent seeks the same relief in its plenary action, which it commenced prior to filing

its opposition herein. Therefore, respondent will have a full opportunity to seek these fees as part of its plenary action against petitioner, and will suffer no prejudice by the discontinuance of this special proceeding without an award of such fees.

Accordingly, it is

**ORDERED** that petitioner's application to discontinue this action is granted and it is hereby discontinued; and it is further

**ORDERED** that petitioner is directed to serve a copy of this decision and order, with notice of entry, on respondent as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119) within ten days from entry; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

**4/16/2024**
DATE

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]