## Matter of 157 Leonard St LLC v Capella

2024 NY Slip Op 34356(U)

December 13, 2024

Supreme Court, Kings County

Docket Number: Index No. 510276/2024

Judge: Kerry J. Ward

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**       **Index Number: 510276/2024**
**County of Kings**       Seq. 001

P R E S E N T:

HON. KERRY J. WARD,

A.J.S.C.

Part __3__

------------------------------------------------------------------X
In the Matter of the Application of:

157 LEONARD ST LLC,

                     *Petitioner*,          **DECISION/ORDER**

For an Order and Judgment pursuant to Section 881 of the
Real Property Actions and Proceedings Law
for access to adjoining property,

     -against-


GEORGE CAPELLA, JR. and TIFFANY IRIS CAPELLA,

                     *Respondents.*
------------------------------------------------------------------X

     The following e-filed documents, listed by NYSCEF document number, were read on motion sequence 001: 1-14, 15-34, 38-56, 57-74, 75-103.

     Upon the papers before the Court, and having heard oral argument, it is hereby **ORDERED** as follows:

     Petitioner, 157 Leonard St. LLC, (hereinafter, "Petitioner" or "Project Premises"), with Project Premises located at 157 Leonard Street, Brooklyn, New York, 11206, Block No. 3032, Lot No. 18, has brought this Special Proceeding against the Respondents, George Capella, Jr., and Tiffany Iris Capella, (hereinafter, "Respondents"), seeking a Court-Ordered access license to 151 Leonard Street, Brooklyn, New York, 11206, Block No. 3032, Lot No. 21, (hereinafter, the "Adjacent Premises") pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 881 for the following relief:

1

[* 1]

(a) perform a preconstruction survey of the Adjacent Premises; (b) install, maintain and remove overhead protections over certain portions of the Adjacent Premises; (c) install, maintain, and remove roof protections over the roof at the Adjacent Premises; and, (d) install, maintain, utilize, and remove suspended and/or pipe scaffolding on the Adjacent Premises during the Project; all of which access is required by applicable law and shall be maintained for approximately twenty-four (24) months, together with all such other and further relief as this Court deems just and proper. This access is requested in order to comply with various provisions of the New York Building Code, including sections 3309.3, 3307.6.2, 3307.6.3, and 3309.10. The parties have consented to certain terms, as detailed below, and Respondents filed opposition papers.

## Procedural History

Petitioner is requesting access to 151 Leonard St. in order to excavate and construct a new building on the Premises of 157 Leonard St., Block No. 3032, Lot No. 18. In March 2024, Petitioner commenced demolition and construction on the Project Premises. No access order was yet in place, despite efforts to come to an agreement.

On April 1, 2024, Robert Lin of A&T Engineering, P.C., an engineering firm retained by the Capellas, visited the Project Premises and expressed concerns to Respondents about the ongoing construction (*Affidavit R. Lin*, NYSCEF Doc. 32).

On April 8, 2024 the New York City Department of Environmental Protection ("DEP") issued to Petitioner an "Order to Stop Work" for asbestos-related violations of the New York City Air Pollution Control Code (*Exhibit H*, NYSCEF Doc. 23).

On April 9, 2024, Petitioner brought the instant action for access to 151 Leonard St. pursuant to RPAPL § 881.

On or about June 7, 2024, Petitioner erected metal scaffolding which overhung Respondents' driveway (*Exhibit M*, NYSCEF Doc. 28). No access agreement was yet in place between the parties. Later that same day, Respondents' counsel sent a letter to Petitioner demanding that Petitioner remove the scaffolding that loomed over the Capellas' property (*Exhibit I*, NYSCEF Doc. 24).

On or about June 11, 2024, the New York City Department of Buildings ("DOB") issued a partial Stop Work Order upon Petitioner, noting two violations (*Exhibits J, K & L*, NYSCEF Docs. 25, 26 & 27).

On July 1, 2024, Petitioner resumed demolition at 157 Leonard St., and debris from pieces of their building fell onto the Capella Premises, neighboring properties, and the street (*Affirmation of Erik*

2

[* 2]

*Ortmann*, NYSCEF Doc. 15). A Stop Work Order was again issued citing multiple violations (*Exhibits N & O*, NYSCEF Docs. 29 & 30). On that day, the DOB also issued a partial vacate order affecting the Capella Premises because "due to demo work at the Project Premises, the Capella Premises is within the collapse zone" (*Exhibit P*, NYSCEF Doc. 31).

On August 1, 2024, Petitioner's excavator inadvertently backed into and demolished Respondents' cinderblock retaining wall located on the property line between the Project Premises and the Adjacent Premises (*Letter/Correspondence to Judge*, NYSCEF Doc. 35). The impact caused heavy debris and large pieces of cinderblock to fall onto Respondents' driveway and on several parked vehicles.

## Law

RPAPL § 881 provides in pertinent part that,

> "when an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules" (N.Y. Real Prop. Acts. Law § 881 [McKinney]).

The license terms are "addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted…The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (*Queens Theater Owner, LLC v. WR Universal, LLC*, 192 A.D.3d 690, 139 N.Y.S.3d 844 [2021]). A license fee is warranted "where the granted license will entail substantial interference with the use and enjoyment of the neighboring property during the [license] period, thus decreasing the value of the property during that time" (*BG Sutphin Owner, LLC v. Singh*, No. 2023-00415, 2024 WL 4897613, at *1 [N.Y. App. Div. Nov. 27, 2024]).

Given that the Project Premises and the Adjacent Premises abut one another, such access is required and permissible. A license fee is appropriate pursuant to RPAPL § 881.

3

It is hereby **ORDERED** on consent that Petitioner's Order to Show Cause is granted to the following extent:

Petitioner is granted a license to access the Adjacent Premises located at 151 Leonard St. for a period of twenty-four (24) months from the commencement of such access on the following terms and conditions:

I.  Petitioner shall perform a preconstruction survey of the Adjacent Premises;

II.  Petitioner shall install, maintain, and remove overhead protections over certain portions of the Adjacent Premises;

III.  Petitioner shall install, maintain, and remove roof protections over the roof at the Adjacent Premises;

IV.  Petitioner shall perform its construction project in accordance with all applicable laws and regulations;

V.  Petitioner shall follow and implement all applicable safety rules and regulations, including but not limited to OSHA requirements;

VI.  Petitioner shall not have access to underpin the Adjacent Premises;

VII.  Petitioner shall take all necessary steps to prevent water runoff in and upon the Adjacent Premises as required by applicable laws;

VIII.  Petitioner shall provide reasonable security measures, including surveillance and video monitoring of the Adjacent Premises, at its sole cost and expense. Both parties have consented to reasonable security measures. Respondents' additional request for live 24-hour video monitoring services of the Adjacent Premises is denied at this time;

IX.  Petitioner shall provide evidence, including certificates of insurance and policy agreements, of the following insurance coverages: Petitioner to name Respondents as additional insureds on Petitioner's or its general contractor's Commercial General Liability policy by a proper endorsement from its carrier as follows: (i) Insurance. Licensee or its General Contractor/Construction Manager shall maintain at all times during the term, Commercial General Liability insurance covering claims for bodily injury, personal injury, death, or property damage with minimum coverage of one million dollars ($1,000,000.00) per occurrence and two million dollars ($2,000,000.00) aggregate coverage. (ii) Workers' Compensation of one million dollars ($1,000,000.00) and in accordance with the applicable NYS law. (iii) Employers Liability Insurance with limits as required by applicable law. (iv) Commercial Automobile Liability

4

Insurance with limits of one million dollars ($1,000,000.00) each, accident covering over Owned, Hired, and Non-owned vehicles. (v) Umbrella or Excess Commercial General Liability with combined single limit for bodily injury, personal injury, and property damage of at least five million dollars ($5,000,000.00) or more if required by NYC DOB per occurrence and in the aggregate which aggregate amount may be reached by multiple policies. Such insurance policies shall be written with a company, or companies having an AM Best rating of at least A-VIII and authorized to engage in the business of insurance in New York State. Petitioner shall provide certificates of insurance to Respondents within five (5) business days of the Order;

X. Petitioner shall defend, indemnify, and hold harmless Respondents against all third-party claims brought against Respondents arising out of the Petitioner's construction project;

XI. Petitioner at its sole cost and expense shall cure any and all violations it may cause to be issued against the Adjacent Premises as a result of Petitioner's construction project within thirty (30) days of being notified of violation through Petitioner's counsel, and shall take all steps necessary to cause such violations to be discharged and removed.

XII. To the extent permissible by the New York City Department of Buildings and applicable law, Petitioner shall cause to be installed a plywood separation board ten (10) feet southerly of the property line between the property line shared by 151 Leonard St. and 157 Leonard St. on top of the overhead protection system. In effect, Petitioner will divide the overhead protection on the Adjacent Property into two sections. One section will be rendered inaccessible and secured from entry by a board/fence running from the street toward the back of the Adjacent Property. The remaining section will consist of ten (10) feet of workspace as measured from Petitioner's proposed building to the board/fence. Petitioner shall take reasonable precautions to prevent workers from entering the portion of the overhead protections which are south of such separation board. Petitioner will create a single entryway which can be locked at the end of each workday and for any period when no work on the project is being conducted, and will take such other reasonable measures as may be necessary to limit access to the overhead protection or the Adjacent Premises by unauthorized persons. Petitioner's workers will only have access to the ten (10) feet of workspace spanning from Petitioner's proposed building to the board/fence. Everything beyond that point shall be boarded-off and inaccessible to Petitioner's workers. Access to this area is restricted to the erection and dismantling of the overhead structure and any repairs.

5

It is hereby **ORDERED,**

I. Petitioner shall install, maintain, and remove crack monitoring on the Adjacent Premises to monitor the retaining wall and existing structures on the Adjacent Premises;

II. Petitioner shall install, maintain, utilize, and remove suspended and/or pipe scaffolding on the Adjacent Premises during the Project. Pipe scaffolding, if needed, is in addition to the overhead protections as consented to by the parties;

III. Petitioner at its sole cost and expense shall make all repairs to the Adjacent Premises to repair any and all damages caused by or resulting from Petitioner's construction work by returning the property to the condition existing immediately prior to such injury or damage from the date of this license, including repairing any damage already caused by Petitioner or its workers or contractors;

IV. Petitioner shall repair at its sole cost and expense the wall that existed on the Adjacent Premises that Petitioner destroyed on August 1, 2024 as per DOB-approved plans;

V. Petitioner shall perform any and all construction/demolition work as per DOB-approved project plans and in accordance with all applicable laws, code provisions, regulations, and legal requirements, including but not limited to obtaining all necessary and proper permits.

VI. Petitioner shall hire a third-party NYC DOB-licensed Special/Progress inspector to inspect the work during the construction and provide signed and sealed inspection reports as required by applicable laws;

VII. Petitioners shall be allowed access to the Adjacent Premises in compliance with local laws and ordinances, and in compliance with New York City Administrative Code regulations, including but not limited to § 24-222, which states in pertinent part that it shall be unlawful to engage in or to cause or permit any person to engage in construction work other than on weekdays between the hours of 7 a.m. and 6 p.m.

VIII. Petitioner shall cause to be removed within fifteen (15) days after Respondent provides notice of any lien or encumbrance issued or filed against the Adjacent Premises as a result of Petitioner's work on its project, or the license immediately terminates; and

IX. Petitioner shall pay Respondent license fees of $3,200.00 per month from the date of this Order going forward, for the duration of Petitioner's access to the Adjacent Premises.

6

[* 6]

## Attorney and Professional Fees

With regard to awarding attorney's fees, "the determination must be based upon a demonstration of the hours reasonably expended on the litigation and what is reasonable compensation for the attorney based upon the prevailing rate for similar work in the community…The determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (*RMP Cap. Corp. v. Victory Jet, LLC*, 139 A.D.3d 836, 839–40, 32 N.Y.S.3d 231, 236 [2016]). The analysis is the same for an award for professional fees. It has been established that as an adjacent property owner "has not sought out the intrusion and does not derive any benefit from it…equity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (*269-273 14th St N.Y. Corp. v. Stein*, 221 A.D.3d 807, 809, 199 N.Y.S.3d 662, 664 [2023]). With access to the Adjacent Premises granted with a monthly license fee, fees for Respondents' counsel and for professional engineering services are appropriate. This matter has been contentious and has been vigorously litigated by both parties. The ongoing issues have required significant legal and engineering expertise.

Thus, it is hereby **ORDERED,** that in consideration of the papers before the Court and the access granted herein, Petitioner shall pay Respondents attorney's fees and engineering fees incurred by Respondents in the commencement of this special proceeding, and otherwise incurred as a result of Petitioner's request for access, in the following amounts:

(i) Attorney's fees and costs in the amount of $83,476.00; and

(ii) Engineering fees in the amount of $10,500.00.

Petitioner's request for attorney's fees and professional fees is hereby **DENIED.**

This Order is hereby effective immediately upon issuance.

This hereby constitutes the Decision and Order of the Court.

Dated: 12/13/24

ENTER

**HON. KERRY J. WARD, A.J.S.C.**

Hon. Kerry J. Ward, A.J.S.C.

7

[* 7]