Matter of A&J 917 56th St., LLC v Raikakos (2025 NY Slip Op 06611)

Matter of A&J 917 56th St., LLC v Raikakos

2025 NY Slip Op 06611

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-12420
 (Index No. 523249/23)

[*1]In the Matter of A & J 917 56th Street, LLC, respondent, 
v
Thomas Raikakos, et al., appellants.

Michael L. Walker, Brooklyn, NY, for appellants.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by Thomas Raikakos and Caroline Raikakos, Thomas Raikakos and Caroline Raikakos appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 25, 2023. The order granted the petition and awarded the petitioner attorneys' fees and costs.
ORDERED that the order is modified, on the law, by deleting the provision thereof awarding the petitioner attorneys' fees and costs; as so modified, the order is affirmed, without costs or disbursements.
The petitioner is the owner of certain real property located in Brooklyn adjacent to residential property owned by Thomas Raikakos and Caroline Raikakos (hereinafter together the appellants). The petitioner obtained approval from the New York City Department of Buildings to construct a four-story, seven-family residential building. The petitioner commenced this proceeding pursuant to RPAPL 881 for a license to temporarily enter the appellants' premises, inter alia, to perform certain work in relation to the construction. The Supreme Court granted the petition and awarded the petitioner attorneys' fees and costs. This appeal ensued.
RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access. "A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted" (Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d 690, 690; see Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833, 834). "The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d at 690-691; see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d 943, 944). Here, the appellants failed to demonstrate that the Supreme Court improvidently exercised its discretion in granting the petition pursuant to RPAPL 881 for a license to temporarily enter the appellants' property.
However, the Supreme Court should not have awarded attorneys' fees and costs to the petitioner. Since the respondent to a RPAPL 881 proceeding "has not sought out the intrusion and does not derive any benefit from it . . . [e]quity requires that the owner compelled to grant access should not have to bear any costs resulting from the access" (Matter of Van Dorn Holdings, LLC v 152 W. 58th Owners Corp., 149 AD3d 518, 518-519 [internal quotation marks omitted]; see Matter of 269-273 14th St NY Corp. v Stein, 221 AD3d 807, 809). The petitioner was not entitled to recover attorneys' fees and costs for bringing the petition. Furthermore, while attorneys' fees may be recovered by a respondent to an RPAPL 881 proceeding (see Matter of 269-273 14th St NY Corp. v Stein, 221 AD3d at 809; Matter of Panasia Estate, Inc. v 29 W. 19 Condominium, 204 AD3d 33, 38), the appellants did not seek attorneys' fees before the Supreme Court. Accordingly, the appellants' request for attorneys' fees is not properly before this Court.
The appellants' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court