Matter of Queens Theater Owner, LLC v WR Universal, LLC (2021 NY Slip Op 01260)





Matter of Queens Theater Owner, LLC v WR Universal, LLC


2021 NY Slip Op 01260


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-00111
 (Index No. 710578/17)

[*1]In the Matter of Queens Theater Owner, LLC, respondent, 
v
WR Universal, LLC, appellant.


Kevin Kerveng Tung, P.C., Flushing, NY (Bo Chen of counsel), for appellant.
Fox Rothschild LLP, New York, NY (Laurie A. Stanziale of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by WR Universal, LLC, for the purposes of, among other things, conducting a preconstruction inspection and installing certain protections, WR Universal, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered November 1, 2017. The order granted the petition.
ORDERED that the order is affirmed, with costs.
The petitioner owns property adjacent to retail property owned by WR Universal, LLC (hereinafter the appellant). It is undisputed that the petitioner obtained all requisite planning approvals for the construction of a residential building and parking lot on its property. In order to begin the demolition of an existing structure and the construction of the residential building, the petitioner is required to temporarily enter the appellant's property, inter alia, to erect certain construction safety devices. While the other adjoining property owners consented to the temporary intrusions, the appellant refused to permit entry onto its premises unless the petitioner agreed to pay the appellant a license fee of $400,000.
The petitioner commenced this proceeding pursuant to RPAPL 881 for a license to temporarily enter the appellant's premises for the purposes of, among other things, conducting a preconstruction inspection and erecting temporary structures thereon to protect the appellant's property and members of the public who use the businesses on that property. The Supreme Court granted the petition. We affirm.
RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access. A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted (see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d 943, 943-944). The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform [*2]the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion (see id. at 944).
Here, contrary to the appellant's contention, the Supreme Court properly granted the petition pursuant to RPAPL 881 for a license to temporarily enter the appellant's property, since an assessment of the foregoing factors supported the petition. The affidavits of the petitioner's representative and two engineers retained for the project demonstrated that the limited access and placement of structures would protect the appellant's property and would not interfere with the use of the premises, and that the public interest would be served by the development of the project. Moreover, the appellant would be financially protected by the naming of the appellant as an additional insured on the relevant construction insurance policies and by the petitioner's obligation to indemnify the appellant for any loss (see id. at 944-945). Accordingly, the evidence supports the conclusion that the petitioner would suffer an undue hardship if the RPAPL 881 license were denied, whereas the appellant will experience temporary and relatively minor inconvenience as a result of the issuance of the license.
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court