Huggins v Villegas (2025 NY Slip Op 51743(U))

[*1]

Huggins v Villegas

2025 NY Slip Op 51743(U)

Decided on October 31, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 31, 2025
Supreme Court, Kings County

Monique Huggins, Petitioner,

against
Kim Villegas, Respondent.

Index No. 939/2025

Monique Huggins, petitioner pro se
Kim Villegas, respondent pro se

Aaron D. Maslow, J.

Papers used on this motion
Submitted by petitioner: order to show cause, proposal from Value Construction Bx Inx, verified petition, affidavit of emergency, photograph, NYC summons, RJI, violation details, affidavit of service.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within matter is determined as follows.
Petitioner Monique Huggins petitions the Court for an order to access the backyard of her [*2]neighbor, Respondent Kim Villegas, to fix the side of her building. She wants to correct conditions to the exterior of her building concerning which she received a summons from the New York City Department of Buildings alleging Building Code violations. The parties' buildings are located on East New York Avenue in Brooklyn.
Respondent Villegas did not file opposition papers but expressed concern at oral argument about an accident occurring.
Both parties herein are self-represented, as neither has retained an attorney.
Court-ordered relief granting permission to a property owner seeking to enter an adjoining premises for purposes of performing work on one's property is governed by Real Actions and Proceedings Law (RPAPL) § 881, which provides as follows:
When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry.
Because entry without permission by Petitioner upon the property of Respondent would otherwise constitute a trespass, this Court must apply the provisions of this statute to the within situation. In the usual situation, an RPAPL 881 special proceeding is commenced by a petitioner with legal representation and is submitted with sufficient supporting affidavits and documentary exhibits such as to make out at least a prima facie case regarding the circumstances of the need for entry, the proposed improvements or repairs, and dates when entry is expected to take place. At a minimum, there are site construction plans, an engineer's or architect's affidavit, a site safety plan, proof of insurance coverage, and other details of a technical nature. There is usually an issue about compensation to the neighbor for the loss of use of her property for the period of time during which the repairs or improvements take place.
In the instant matter, the Court has been presented by Petitioner with a photo in which an alleged condition is difficult to ascertain, a copy of a New York City Department of Buildings summons, a Buildings Department "Violations Detail," and a purported proposal from a contractor. The latter states that for $7,500, the contractor, Value Construction Bx Inc., will perform specific repairs to the back side of Petitioner's building as well as to the left side. However, this proposal is not authenticated by an affidavit or affirmation, nor did the contractor provide insurance information.
It cannot be emphasized enough that one who seeks entry to a neighbor's property in [*3]order to repair one's own building must at a minimum provide information as to how the neighbor's property will be protected as required by the Building Code and the nature and extent of insurance coverage. The latter is necessary in case an employee of the contractor is injured on the neighbor's property. From the description of the work in the proposal in this case it appears that the work is not that extensive as this Court has seen in most RPAPL 881 petitions, where extensive construction in the millions of dollars is at issue. Nonetheless, even when it comes to the instant spat between two neighbors owning small homes, it is important that protections be in place, which is called for by the public policy underlying a Court's grant of permission to a petitioner to enter on the respondent neighbor's property to perform repairs or improvements to the petitioner's property.
RPAPL 881 "allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owners have refused such access" (Matter of Thomas Anthony Holdings LLC v Goodbody, 216 AD3d 538, 539 [1st Dept. 2023]). The license terms are "addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted" (Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d 690, 690 [2d Dept. 2021]). "The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (id. at 690-691).
In the Queens Theater Owner, LLC case, the Appellate Division determined that the Supreme Court properly granted the RPAPL 881 license since the foregoing factors supported it. "The affidavits of the petitioner's representative and two engineers retained for the project demonstrated that the limited access and placement of structures would protect the appellant's property and would not interfere with the use of the premises, and that the public interest would be served by the development of the project. Moreover, the appellant would be financially protected by the naming of the appellant as an additional insured on the relevant construction insurance policies and by the petitioner's obligation to indemnify the appellant for any loss. . . . Accordingly, the evidence supports the conclusion that the petitioner would suffer an undue hardship if the RPAPL 881 license were denied, whereas the appellant will experience temporary and relatively minor inconvenience as a result of the issuance of the license." (Id. at 691.)
This Court could dismiss the petition herein because there has been a prima facie failure to provide evidence that the limited access and placement of structures would protect Respondent's property and would not interfere with the use of her premises, and that Respondent would be a named insurance policy beneficiary with sufficient coverage. While the Court could conduct a hearing at which additional information could be considered, such as a site safety plan and a license fee to Respondent, both parties are appearing pro se. A hearing conducted according to the rules of evidence would be quite prolonged as laypersons are not expected to be proficient in submitting evidence which complies with the formal rules of evidence. Therefore, [*4]a hearing would not be productive (cf. Matter of Thomas Anthony Holdings LLC, 216 AD3d at 539-540 ["Although petitioner established its need for limited, reasonable access to respondents' property and respondents' refusal to provide access, the court providently exercised its discretion in denying the application on the papers, because petitioner failed to provide adequate or sufficiently specific information concerning the temporary overhead, chimney, and rooftop protections at issue to ensure protection of respondents' interests."])
Public interest is a factor to be taken into account when adjudicating RPAPL 881 special proceedings (see Matter of Queens Theater Owner, LLC, 192 AD3d 690; Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833 [2d Dept 2020]; Matter of Queens College Special Projects Fund, Inc. v Newman, 154 AD3d 943 [2d Dept 2017]). The public interest favors curing violations of the Building Code and remedying building defects, which is what we are dealing with in this case.
Accordingly, the Court continues the within special proceeding to Thursday, November 13, 2025. Prior to then, by Monday, November 10, 2025, Petitioner shall serve upon Respondent and file with the Court (at its courtroom) additional affidavits or affirmations in proper form, as well as authenticated documents (authenticated by affidavit or affirmation in proper form), for the Court to consider in order to make a more informed determination on the petition herein. Petitioner is to bear in mind that the Court requires sufficient information to make an informed judgment as to whether the factors discussed above from the case law provide sufficient safety and financial protection for Respondent.
The foregoing constititues the Interim Decision and Order of the Court. Inasmuch as the parties are laypersons and presumably are not familiar with legal research, the Court will provide copies to them of the decisions cited herein.