Matter of Huggins v Villegas (2026 NY Slip Op 50134(U))

[*1]

Matter of Huggins v Villegas

2026 NY Slip Op 50134(U)

Decided on February 6, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2026
Supreme Court, Kings County

In the Matter of the Application of Monique Huggins, Petitioner,

againstKim Villegas, Respondent.

Index No. 939/2025

Monique Huggins, petitioner pro se.
Kim Villegas, respondent pro se.

Aaron D. Maslow, J.

The following papers were used on the petition: order to show cause, affidavit of petitioner in support of motion for contempt.
Upon the foregoing papers, having heard oral argument and narratives on the record from the parties, and due deliberation having been had, the within motion by Petitioner Monique Huggins seeking to hold Respondent Kim Villegas in contempt is determined as hereinafter set forth.
The dispute between the parties was previously the subject of orders determined by this [*2]Court. On October 31, 2025, this Court issued a decision and order explaining that the application by Petitioner to encroach on Respondent's property was in the nature of a Real Property Actions and Proceedings Law (RPAPL) § 881 petition. The Court discussed the law concerning such petitions and adjourned the matter to November 13, 2025 (see Huggins v Villegas, 87 Misc 3d 1230[A], 2025 NY Slip Op 51743[U] [Sup Ct, Kings County 2025]). After hearing argument from the parties on November 13, 2025, and taking into account the additional papers submitted by Petitioner, this Court issued an order granting relief to Petitioner. In pertinent part, this Court ordered as follows:
Petitioner Monique Huggins petitions the Court for an order to access the backyard of her neighbor, Respondent Kim Villegas, to fix the side of her building. She wants to correct conditions to the exterior of her building concerning which she received a summons from the New York City Department of Buildings alleging Building Code violations. The parties' buildings are located on East New York Avenue in Brooklyn.This matter was previously before the Court on October 31, 2025, when the Court issued an interim order continuing it to today. Reference is made to the Court's decision and order which is reported at __ Misc 3d ___(A), 2025 NY Slip Op 51743(U) (Sup Ct, Kings County 2025).Respondent continues to oppose Petitioner's petition to enter the former's backyard for the purposes of repair.This Court finds from the supplemental submission of Petitioner that Respondent will be adequately protected while the work is being performed in that Value Construction Bx Inc., the contractor, has procured liability insurance in the standard amount for a job of this nature. The contractor has also provided a safety plan which is adequate for this particular repair job.Court-ordered relief to a property owner seeking to enter the premises of an adjoining [property is] governed by Real Actions and Proceedings Law (RPAPL) § 881, which provides as follows:When an owner or lessee seeks to make improvements or repairs to real property so situated that such improvements or repairs cannot be made by the owner or lessee without entering the premises of an adjoining owner or his lessee, and permission so to enter has been refused, the owner or lessee seeking to make such improvements or repairs may commence a special proceeding for a license so to enter pursuant to article four of the civil practice law and rules. The petition and affidavits, if any, shall state the facts making such entry necessary and the date or dates on which entry is sought. Such license shall be granted by the court in an appropriate case upon such terms as justice requires. The licensee shall be liable to the adjoining owner or his lessee for actual damages occurring as a result of the entry.Public interest is a factor to be taken into account when adjudicating RPAPL 881 special [*3]proceedings (see Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d 690 [2d Dept. 2021]; Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833 [2d Dept 2020]; Matter of Queens College Special Projects Fund, Inc. v Newman, 154 AD3d 943 [2d Dept 2017]). The public interest favors curing violations of the Building Code and remedying building defects.Accordingly, it is hereby ORDERED that Petitioner Monique Huggins, residing at 1365 East New York Avenue, Brooklyn, New York 11212 shall have JUDGMENT against Respondent Kim Villegas, residing at 1363 East New York Avenue, Brooklyn, New York 11212, as follows:Access requested by Petitioner to Respondent's backyard is granted for the period of December 1, 2025 to December 5, 2025, during the hours of 8:00 a.m. to 4:00 p.m.The safety measures taken shall be in accordance with those submitted by the foregoing named contractor.Only two workers from the contractor shall be present at any time.No workers shall enter Respondent's home.Ladders or scaffolding shall rest on protective ground boards.A temporary debris safety net shall be installed to prevent dust and falling material.No tools, materials, or equipment shall be stored on Respondent's property overnight.Each day the areas shall be cleaned and restored before leaving.Respondent shall be named as an additional insured on its general liability insurance policy appurtenant to the certificate of insurance submitted by the contractor.If any damage to Respondent's property occurs, the contractor shall repair it or file an insurance claim at no cost to Respondent.Petitioner shall compensate Respondent $100.00 per day during which the repairs are made.This constitutes the decision, order, and judgment of the Court. (Order, Huggins v Villegas, Nov. 13, 2025.)Petitioner has now moved to hold Respondent in contempt, alleging that Respondent failed to permit Petitioner's contractor to perform the complete work necessary to abate the Building Code violations. The specific relief requested by Petitioner, as set forth in the order to show cause bringing on the motion is as follows:
a. Holding Kim Villegas in Contempt of Court for willful refusal to comply with the Order or Judgment of this Court, dated 11/13/25.b. Fining and/or imprisoning Kim Villegas for such contempt; andc. Granting such other and further relief as this Court may deem just and proper.Petitioner alleges that Respondent, rather than cooperate, called the police and brought her dogs outside, which resulted in the contractor not being able to perform the work. Additionally, it is contended that Respondent caused Petitioner to expend more money on professional experts to satisfy directives from the Department of Buildings concerning the work to be performed, Respondent having again called that agency for the purpose of causing trouble for Petitioner.
Upon inquiry by the Court as to why Respondent did not comply with the November 13, 2025, Respondent claimed that she thought the Court required a certain type of permit. Review of the Court's November 13, 2025 order indicates that it did not and, apparently, the Department of Buildings did not require one after they visited the site. Respondent also argued that a worker of the contractor climbed over a fence (although it is not clear to the Court whose fence Respondent was referring to).
Judiciary Law § 753 provides in pertinent part:
A. A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, in any of the following cases:. . .3. A party to the action or special proceeding . . . for any other disobedience to a lawful mandate of the court.In an often-cited discussion of civil contempt and criminal contempt, the Court of Appeals stated:
Civil contempt has as its aim the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right (State of New York v Unique Ideas, 44 NY2d 345). Criminal contempt, on the other hand, involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates (King v Barnes, 113 NY 476). Inasmuch as the objective is deterrence of disobedience of judicial mandates, the penalty imposed is punitive in nature (State of New York v Unique Ideas, supra). Although the line between the two types of contempt may be difficult to draw in a given case, and the same act may be [*4]punishable as both a civil and a criminal contempt, the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out (compare Judiciary Law, § 753, subd A, par 3 [civil contempt], with id., § 750, subd A, par 3 [criminal contempt]; see, e.g., Sentry Armored Courier Corp. v New York City Off-Track Betting Corp., 75 AD2d 344). (Matter of McCormick v Axelrod, 59 NY2d 574, 582-583 [1983].)The Appellate Division, Second Department, has stated:
The goal of civil contempt is to vindicate a party's right to the benefits of a judicial mandate or to compensate that party for the interference by the contemnor (see Matter of McCormick v Axelrod, 59 NY2d 574, 582-583 [1983]). In order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct (see id. at 583; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Bernard-Cadet v Gobin, 94 AD3d 1030, 1031 [2012]; see also Judiciary Law § 753 [A] [1]). The party seeking a finding of civil contempt must prove these elements by clear and convincing evidence (see El-Dehdan v El-Dehdan, 26 NY3d at 29). Upon a determination that a party has committed civil contempt, the court may impose as a punishment a fine in an amount sufficient to indemnify the aggrieved party for an actual loss, including counsel fees, and/or imprisonment for up to six months or until the fine is paid (see Judiciary Law §§ 773, 774). (Spencer v Sirota, 159 AD3d 174, 177-178 [2d Dept 2018].)The Court finds that Petitioner has proved by clear and convincing evidence that a lawful order of the Court, clearly expressing an unequivocal mandate, was in effect as of November 13, 2025, that Respondent disobeyed the order, and that Petitioner was prejudiced by the offending conduct in that she was unable to have the repairs to her home completed. As for whether Respondent had knowledge of the terms of the Court's order, this Court finds that Respondent has made something of a showing that she misunderstood the terms. This leads the Court to find further that while the requisite element for contempt that the disobeying party must have had knowledge of the order's terms was proved by a preponderance of the evidence, it was not proved by clear and convincing evidence. This is because the Court believes Respondent's statement that she thought Petitioner required a permit.
Therefore, since it was not proved by clear and convincing evidence that Respondent had knowledge of the November 13, 2025 order's terms, the Court does not hold Petitioner in civil contempt. However, inasmuch as it is clear that Respondent has been uncooperative in facilitating Petitioner's making repairs to her home and, indeed, has frustrated completion of them, amendment of the said order is called for under the branch of Petitioner's motion which sought "other and further relief as this Court may deem just and proper." The order directed that "Petitioner shall compensate Respondent $100.00 per day during which the repairs are made." The Court now relieves Petitioner from having to pay Respondent any compensation for entry upon Respondent's property. It does so in accordance with the provision in paragraph (a) of [*5]subdivision 5 of RPAPL § 881 which provides, "The court, in granting a license or otherwise resolving a proceeding brought pursuant to this section, shall be authorized to: (a) consider evidence that either party failed to comply with the terms of any existing or previously existing license respecting the same property." Respondent failed to comply with the November 13, 2025 order and, by calling the police on Petitioner and unleashed her dogs outside, Respondent actually hindered Petitioner's attempts to effectuate the repairs. Moreover, Respondent has significantly delayed the repairs being undertaken due to the inability of the workers being able to perform the outside work with the onset of the recent freezing temperatures. "[T]he determination of whether to award a license fee" in an RPAPL § 881 proceeding is discretionary (DDG Warren LLC v Assouline Ritz 1, LLC, 138 AD3d 539, 539-540 [1st Dept 2016]), particularly where the encroachment is minor and of a short duration. Payment of a license fee may be denied (see Spence v Strauss Park Realty, LLC, 211 AD3d 446 [1st Dept 2022]). "Courts often grant respondents a license fee, but may properly deny a fee when justice so requires" (WHGA Garvey Hous. Dev. Fund Co., Inc. v 136 W. 129 LLC, 83 Misc 3d 1277[A], *3, 2024 NY Slip Op 51116[U] [Sup Ct, NY County 2024]).
The matter of Respondent's noncooperation has now been brought to the Court's attention. Should Respondent violate the within Order and prevent the repairs to Petitioner's property from being made, and another motion seeking contempt is filed with the Court and contempt is proved by clear and convincing evidence, the Court will consider imprisonment for a period of time during which the repairs can be made.
The decretal paragraphs of the November 13, 2025 order are now recalled and the Court ORDERS as follows, the goal being to have the repairs made as expeditiously as possible:
The motion by Petitioner Monique Huggins seeking to hold Respondent Kim Villegas in contempt is GRANTED TO THE EXTENT set forth below.
Petitioner Monique Huggins, residing at 1365 East New York Avenue, Brooklyn, New York 11212 shall have JUDGMENT against Respondent Kim Villegas, residing at 1363 East New York Avenue, Brooklyn, New York 11212, as follows:
(1) Petitioner and her contractor's employees shall have access to Respondent's property outside Respondent's home for the purpose of making repairs to the outside of Petitioner's property on any day, except for Sundays, during the hours of 8:00 a.m. to 6:00 p.m.(2) The said repairs shall be made no later than April 30, 2026.(3) For each day that Petitioner's contractor will be performing such work, Petitioner shall provide written notice to Respondent no later than 7:00 p.m. the day before, such written notice to be affixed to Respondent's door or, if access to the door is impossible, affixed with string to the outer fence or gate.(4) Respondent is enjoined from interfering with such access by Petitioner, her [*6]contractor, and the contractor's employees.(5) Whenever work is being performed by Petitioner's contractor, Respondent shall not permit her dogs to remain outside her home.(6) Safety measures taken by Petitioner's contractor shall be in accordance with those previously submitted.(7) No more than four workers from the contractor shall be present at any time.(8) No workers shall enter Respondent's home.(9) Ladders or scaffolding shall rest on protective ground boards.(10) A temporary debris safety net shall be installed to prevent dust and falling material.(11) No tools, materials, or equipment shall be stored on Respondent's property overnight.(12) Each day the areas shall be cleaned and restored before leaving.(13) Respondent shall be named as an additional insured on its general liability insurance policy appurtenant to the certificate of insurance submitted by the contractor.(14) If any damage to Respondent's property occurs, the contractor shall repair it or file an insurance claim at no cost to Respondent.(15) Petitioner shall not be required to pay Respondent compensation for access to Respondent's property.(16) The New York City Police Department shall facilitate enforcement of this Order by not directing Petitioner's contractor and its workers to depart from Respondent's property, provided that the contractor and its workers are merely undertaking the repairs to the outside of Petitioner's home.(17) Pending completion of the aforesaid repairs, the New York City Department of Buildings is enjoined not to issue any duplicative notices of violation.(18) Petitioner shall serve the New York City Corporation Counsel with a copy of this Order by February 17, 2026, by delivery to their office at 100 Church Street, 6th Floor, New York, New York 10007, and by mailing it to them by overnight Express Mail.(19) In the event either party seeks further relief with respect to the subject matter of this Decision and Order, they are granted leave to do so by way of submission of an order to show cause, and a copy of this Decision and Order shall be included in the moving [*7]papers.