Matter of Dursi v Coffey (2026 NY Slip Op 01199)

Matter of Dursi v Coffey

2026 NY Slip Op 01199

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-02589
 (Index No. 615775/23)

[*1]In the Matter of Joseph Dursi, et al., respondents,
vVincent R. Coffey, et al., appellants.

Vincent R. Coffey, Rockville Centre, NY, appellant pro se and for appellant Mary Coffey.
La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by Vincent R. Coffey and Mary Coffey for the purpose, inter alia, of installing a bamboo root barrier, Vincent R. Coffey and Mary Coffey appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered March 26, 2024. The order and judgment denied the motion of Vincent R. Coffey and Mary Coffey pursuant to CPLR 3211(a)(7) to dismiss the petition and granted the petition.
ORDERED that the order and judgment is affirmed, with costs.
The petitioners and the respondents, Vincent R. Coffey and Mary Coffey (hereinafter together the appellants), are neighbors, with the westerly boundary line of the petitioners' property bordering the appellants' property. The parties' properties are separated by a white polyvinyl chloride fence. The petitioners' detached garage sits along the shared boundary line, and their property of record extends 1.12 feet behind the garage (hereinafter the garage area). The appellants planted bamboo in their backyard, and it grew along the fence. Bamboo eventually began to grow in the petitioners' detached garage and backyard. After learning that the bamboo was growing in the petitioners' garage, the appellants engaged a landscaping service to remove the bamboo from their property, but it allegedly continued to invade the petitioners' property. The petitioners then requested the appellants' permission to enter the appellants' property to access the garage area to dig a 36-inch-deep and 24-inch-wide trench to remove bamboo rhizomes from under the garage and to install a bamboo root barrier, which would extend approximately two to four inches above grade adjacent to the garage, to block sunlight. The appellants refused to permit entry to their property for that purpose.
Subsequently, the petitioners commenced this proceeding pursuant to RPAPL 881 for a license to enter the appellants' property for one day to remediate the bamboo rhizomes allegedly encroaching from the appellants' property onto the petitioners' property and to install a bamboo root barrier. The appellants moved pursuant to CPLR 3211(a)(7) to dismiss the petition. In an order and judgment entered March 26, 2024, the Supreme Court denied the appellants' motion and granted the petition. This appeal ensued.
"RPAPL 881 allows a property owner to petition for a license to enter the premises of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access" (Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d 690, 690; see Quinn v 20 E. Clinton, LLC, 193 AD3d 893, 895). A proceeding pursuant to RPAPL 881 is addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted (see Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d at 690; Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d 943, 943-944). "The factors which the court may consider in determining the petition include the nature and extent of the requested access, the duration of the access, the needed protections for the adjoining property, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (Matter of Queens Theater Owner, LLC v WR Universal, LLC, 192 AD3d at 690-691).
Upon consideration of the relevant factors, the Supreme Court providently exercised its discretion in granting the petition pursuant to RPAPL 881 for a license to temporarily access the appellants' property for the purpose, inter alia, of installing a bamboo root barrier on the petitioner's property. The petitioners submitted, among other things, an affidavit of an expert who opined that the bamboo in the appellants' backyard was invasive and spread aggressively through underground stems and that the bamboo root barrier would contain the invasive growth. Although the expert opined outside of his stated expertise with respect to, inter alia, the effect that the bamboo roots may have on the structural integrity of the petitioners' garage, the expert's remaining opinions were probative and supportive of the petitioners' contentions. The appellants did not submit an opposing expert opinion. The court directed that access be limited to one day to permit the petitioners to remediate the bamboo growth under their garage and to install a bamboo root barrier on the petitioners' property. Under the circumstances, the inconvenience the appellants may face is slight compared to the hardship the petitioners will face if the license is refused (see Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833, 835; Matter of House 93, LLC v Lipton, 178 AD3d 545, 545).
The appellants' contention that they own the garage area by adverse possession was not properly raised before the Supreme Court and is not reviewable on appeal as an issue of law apparent on the face of the record that could not have been avoided if raised at the proper juncture (see Lewis v Holliman, 176 AD3d 1048, 1049). Although there was some indication in the appellants' motion papers that they did not concede that the garage area was part of the petitioners' property and that the garage area "functioned as a part [of the appellants'] backyard for nearly 70 years," they did not otherwise proceed as if they were seeking an adverse possession adjudication. In fact, the appellants waived any challenge to the authenticity of the petitioner's land survey showing that the garage area was part of the petitioners' property by failing to raise it before the court and by conceding that the garage "is located 1.12 feet east [of] the common survey property line" (see Kanner v Westchester Med. Group, P.L.L.C., 233 AD3d 410, 411).
Accordingly, the Supreme Court providently exercised its discretion in granting the petition.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.

2024-02589 DECISION & ORDER ON MOTION
In the Matter of Joseph Dursi, et al., respondents,
v Vincent R. Coffey, et al., appellants.
(Index No. 615775/23)

Appeal from an order and judgment (one paper) of the Supreme Court, Nassau County, entered March 26, 2024. Motion by the respondents to strike stated portions of the appellants' reply brief on the ground that they improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated March 28, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to strike stated portions of the appellants' reply brief is granted to the extent that Points 6 and 11 of the reply brief are stricken and have not been considered in the determination of the appeal, and the motion is otherwise denied.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court